UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY,<br><br>   Plaintiff,<br><br> v.<br><br>W. HANKS, et al.,<br><br>   Defendants. | No. 2:14-cv-2018 JAM AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

  Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendant Statti's motion to dismiss (ECF No. 15) and defendants Betti and Hanks[1] motion to modify the discovery and scheduling order (ECF No. 28).

I. Plaintiff's Allegations

  Relevant to the motion to dismiss, plaintiff alleges that defendant Statti refused to process his valid grievance in retaliation for filing the grievance. ECF No. 1 at 8-9.

II. Motion to Dismiss

  A. Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

  In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

---

[1] The deadlines in the scheduling order were stayed as to defendant Statti. ECF No. 18 at 1.

1  complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it
2  must contain factual allegations sufficient to "raise a right to relief above the speculative level."
3  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain
4  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
5  cognizable right of action."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure
6  § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter,
7  accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556
8  U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when
9  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
10 defendant is liable for the misconduct alleged."  Id.

11      In considering a motion to dismiss, the court must accept as true the allegations of the
12 complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), and construe
13 the pleading in the light most favorable to the party opposing the motion and resolve all doubts in
14 the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).
15 The court will "'presume that general allegations embrace those specific facts that are necessary
16 to support the claim.'"  Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994)
17 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  The court need not accept
18 legal conclusions "cast in the form of factual allegations."  W. Mining Council v. Watt, 643 F.2d
19 618, 624 (9th Cir. 1981).

20      B.    Retaliation

21      "Within the prison context, a viable claim of First Amendment retaliation entails five
22 basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)
23 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
24 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
25 correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and
26 citations omitted).

27      Under the first element, plaintiff need not prove that the alleged retaliatory action, in
28 itself, violated a constitutional right.  Pratt v. Rowland, 65 F.3d 802, 806 (1995) (to prevail on a

1  retaliation claim, plaintiff need not "establish an independent constitutional interest" was
2  violated); see also Hines v. Gomez, 108 F.3d 265, 269 (9th Cir.1997) ("[P]risoners may still base
3  retaliation claims on harms that would not raise due process concerns."); Rizzo v. Dawson, 778
4  F.2d 527, 531 (transfer of prisoner to a different prison constituted adverse action for purposes of
5  retaliation claim).  The interest cognizable in a retaliation claim is the right to be free of
6  conditions that would not have been imposed but for the alleged retaliatory motive.  However, not
7  every allegedly adverse action is sufficient to support a claim for retaliation under § 1983.
8  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (harm must be "more than minimal"
9  (quoting Rhodes, 408 F.3d at 568, n.11)); see also Bell v. Johnson, 308 F.3d 594, 603 (6th Cir.
10 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to constitutionally
11 cognizable injuries." (citing Thaddeus-X v. Blatter, 175 F.3d 378, 396 (6th Cir. 1999))).
12      To prove the second element, retaliatory motive, plaintiff must show that his protected
13 activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct.
14 Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting Soranno's Gasco, Inc v. Morgan,
15 874 F.2d 1310, 1314 (9th Cir. 1989)).  Plaintiff must provide direct or circumstantial evidence of
16 defendant's alleged retaliatory motive; mere speculation is not sufficient.  See McCollum v.
17 CDCR, 647 F.3d 870, 882-83 (9th Cir. 2011); accord, Wood v. Yordy, 753 F. 3d 899, 905 (9th
18 Cir. 2014).  In addition to demonstrating defendant's knowledge of plaintiff's protected conduct,
19 circumstantial evidence of motive may include:  (1) proximity in time between the protected
20 conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct;
21 and (3) other evidence showing that defendant's reasons for the challenged action were false or
22 pretextual.  McCollum, 647 F.3d at 882 (quoting Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir.
23 2002)).
24      The third element includes prisoners' First Amendment right to access to the courts.
25 Lewis v. Casey, 518 U.S. 343, 346 (1996).  While prisoners have no freestanding right to a prison
26 grievance process, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's
27 fundamental right of access to the courts hinges on his ability to access the prison grievance
28 system," Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by

1    Shaw v. Murphy, 532 U.S. 223, 230 n.2 (2001).  Because filing administrative grievances and

2    initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate

3    against prisoners for engaging in these activities.  Rhodes, 408 F.3d at 567.

4         Under the fourth element, plaintiff need not demonstrate a "*total* chilling of his First

5    Amendment rights," only that defendant's challenged conduct "would chill *or* silence a person of

6    ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69

7    (emphasis in original, citation and internal quotation marks omitted).  Moreover, direct and

8    tangible harm will support a retaliation claim even without demonstration of a chilling effect on

9    the further exercise of a prisoner's First Amendment rights.  Id. at 568 n.11.  "[A] plaintiff who

10   fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as

11   a retaliatory adverse action.  Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 568 n.11).

12        Regarding the fifth element, the Ninth Circuit has held that preserving institutional order,

13   discipline, and security are legitimate penological goals that, if they provide the motivation for an

14   official act taken, will defeat a claim of retaliation.  Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.

15   1994); Rizzo, 778 F.2d at 532.  When considering this final factor, courts should "'afford

16   appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate

17   penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin

18   v. Conner, 515 U.S. 472, 482 (1995)).  Plaintiff bears the burden of pleading and proving the

19   absence of legitimate correctional goals for defendant's challenged conduct.  Pratt, 65 F.3d at

20   806.

21        C.   Discussion

22        Defendant Statti does not dispute that filing a grievance is a protected activity, nor does

23   Statti deny that he screened out plaintiff's grievance.  ECF No. 15-1 at 7-10.  What Statti does

24   argue is that plaintiff's retaliation claim must be dismissed because the screening out of the

25   grievance was legitimate, as supported by the documentation attached to the complaint, and

26   plaintiff fails to allege any specific facts demonstrating that Statti's motivation was retaliatory.

27   ECF No. 15-1 at 5-6.  He also argues that plaintiff cannot state a claim for retaliation against him

28   because "actions in reviewing a prisoner's administrative appeal cannot serve as the basis for

1 liability under 42 U.S.C. Section 1983." Id. at 2, 6-7.

2  Plaintiff responds that defendant Statti's reasons for screening out his grievance were
3 improper because it was neither duplicative nor untimely. ECF No. 26 at 1-12. He argues that
4 the meritless grounds for screening out his grievance prove that defendant Statti acted with
5 retaliatory intent. Id.

6  1. Retaliatory Motive

7  The documentation provided by plaintiff with the complaint indicates that his appeal was
8 screened out because it was duplicative of another appeal and was untimely.[2] ECF No. 1 at 17.
9 In a declaration attached to the complaint, plaintiff states that he submitted the appeal for mailing
10 on September 15, 2010. Id. at 32. In his response to the motion to dismiss, plaintiff continues to
11 argue that defendant Statti must have retaliated against him because his appeal was properly
12 submitted and it was improperly screened out, but he offers no other facts from which it could be
13 inferred that Statti screened out his appeal in retaliation. EFF No. 26 at 1-12.

14  In his reply, defendant Statti argues that the screening out of the appeal was proper
15 because it was in fact untimely. ECF No. 27 at 3. Statti argues that plaintiff's deadline for
16 submitting a timely appeal was September 16, 2010; that appeals were deemed submitted when
17 they were received by the appeals coordinator; and that plaintiff's appeal was not received by the
18 appeals coordinator until September 17, 2010, likely due to plaintiff's decision to send it to the
19 warden rather than the appeals coordinator as required. Id.

20  Even assuming for the sake of argument that plaintiff's submission of his appeal to the
21 warden on September 15, 2010, constituted a timely appeal, the denial of the appeal as untimely
22 does not support an inference of retaliatory motive. The applicable regulation specified that
23 appeals were to be sent to the appeals coordinator within the applicable time period. Cal. Code
24 Regs. tit. 15, § 3084.2(c) (2009). The record supports the inference that the appeal was screened
25 out because Statti did not receive it until September 17, 2010, and believed it to be untimely in
26 light of the regulation. There are no facts or circumstances indicating that the untimeliness

---

[2] The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

5

screen-out was a pretext for retaliation.

Moreover, defendant Statti has identified one of the screening forms submitted by plaintiff as being a re-screening of plaintiff's appeal,[3] completed after plaintiff re-submitted his appeal. ECF No. 1 at 20. This screening form reflects that the appeal was denied as untimely only. Id. Defendant Statti states that by not re-designating the claim as duplicative, he "must have determined that the appeal was not, in fact, duplicative." ECF No. 27 at 3. This indicates that Statti reviewed and considered plaintiff's arguments as to why his appeal was improperly screened, found one of the arguments to be valid, and amended his decision accordingly. These circumstances do not support an inference of retaliatory motive. Presented with only the appeal screening forms and plaintiff's conclusory allegations that the denial or his appeal was retaliatory, the court does not find that plaintiff has pled facts sufficient to allow for a plausible inference of retaliatory motive in light of the more likely explanations available. Ashcroft, 566 U.S. at 681.

Plaintiff's claim for retaliation against Statti fails to state a claim because he has not pled facts that would allow for a plausible inference of retaliatory motive. However, even if plaintiff could successfully amend the complaint to support an inference of retaliatory motive, his claim against Statti would still fail.

### 2. Adverse Action and Chilling Effect

Even if plaintiff could allege facts sufficient to support his claim that Statti's motivation in denying his grievance was retaliatory, his allegation still fails to state a claim. While defendant overstates the law by essentially arguing that denial of an administrative appeal can never serve as the basis for liability under § 1983,[4] Statti is correct that it does not serve as the basis for liability in this instance.

An adverse action does not have to constitute an independent constitutional violation, but

---

[3] Plaintiff attaches a number of documents, including appeal screening forms, to his response; however, it is difficult to determine which relate to the appeal at issue. ECF No. 26 at 18-137.

[4] See, e.g. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it).

1   it does have to constitute more than minimal harm.  Statti's only alleged conduct was the denial
2   of plaintiff's appeal, which does not constitute more than a minimal harm.  Moreover, though it is
3   not clear what all the documents plaintiff has submitted relate to, it is clear from the dates on
4   some of the documents and plaintiff's filing of the complaint in this action that Statti's denial of
5   his grievance did not prevent him from further pursuing First Amendment activities.  Nor would
6   the denial deter an inmate of ordinary firmness from continuing to engage in protected conduct.
7   Plaintiff's claim against Statti fails because the denial of a grievance neither constitutes an
8   adverse action that is more than de minimis nor is it sufficient to deter a prisoner of "ordinary
9   firmness" from further First Amendment activities.  Martin v. Woodford, No. 1:08-cv-00415-
10  LJO-DLB (PC), 2009 WL 30300, at *6, 2009 U.S. Dist. LEXIS 1275, at *18 (E.D. Cal. Jan. 6,
11  2009) (adopted in full Feb. 27, 2009[5]) ("Merely by [sic] ruling against Plaintiff in a grievance
12  procedure is not sufficient to allege an adverse action."); Burgos v. Canino, 641 F. Supp. 2d 443,
13  455 (E.D. Pa. 2009) ("The mere denial of grievances does not rise to the level of adverse action
14  sufficient to deter a person of ordinary firmness from exercising his constitutional rights.");
15  Frazier v. Zavaras, No. 10-cv-02534-CMA-KMT, 2011 WL 4537001, at *9, 2011 U.S. Dist.
16  LEXIS 112951, at *30 (D. Colo. Sept. 30, 2011) (plaintiff's retaliation claims failed "because
17  denial of an administrative grievance is not an 'adverse action'"); Jenkins v. Tennessee Dept. of
18  Corr., No. 1:14-0053, 2015 WL 1893378, at *6, 2015 U.S. Dist. LEXIS 54748, at *13-14 (M.D.
19  Tenn. Apr. 27, 2015) (adopted in full June 1, 2015[6]) (improper disqualification of a third level
20  appeal is de minimis and would not deter a prisoner of "ordinary firmness" from pursing an
21  administrative grievance); Stone v. Curtin, No. 1:11-cv-820, 2011 WL 3879505, at *4, 2011 U.S.
22  Dist. LEXIS 98175, at *11 (W.D. Mich. Aug. 31, 2011) (failure to process grievance does not
23  demonstrate "adverse action that would deter a person of ordinary firmness from continuing to
24  engage in protected conduct"); Crenshaw v. Herbert, 445 F. Supp. 2d 301, 303 n.1 (W.D.N.Y.
25  2006) (opining without deciding as a matter of law that denial of grievances would be de minimis

---

[5] Martin v. Woodford, No. 1:08-cv-00415-LJO-DLB (PC), 2009 WL 529601, 2009 U.S. Dist. LEXIS 17268 (E.D. Cal. Feb. 27, 2009).
[6] Jenkins v. Tennessee Dept. of Corr., No. 1:14-0053, 2015 WL 3540748, 2015 U.S. Dist. LEXIS 72691 (M.D. Tenn. June 1, 2015).

1  and would not constitute adverse action).

2  "A district court may deny leave to amend when amendment would be futile."  Hartmann

3  v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  Because the denial of a grievance does not

4  constitute an adverse action and would not deter an inmate of ordinary firmness from continuing

5  to engage in protected conduct, plaintiff is unable to meet necessary elements for a First

6  Amendment retaliation claim, making amendment futile.  The retaliation claim against defendant

7  Statti should therefore be dismissed without leave to amend.

8        D.      Conclusion

9  For the reasons set forth above, defendant Statti's motion to dismiss should be granted and

10 the retaliation claim against defendant Statti should be dismissed without leave to amend.

11 III.      Motion to Modify Scheduling and Discovery Order

12 Defendants Betti and Hanks have moved for an extension of the dispositive motion

13 deadline from September 2, 2015, to December 2, 2015, based on defendant Statti's pending

14 motion to dismiss.  ECF No. 28.  In light of the undersigned's recommendation that defendant

15 Statti's motion to dismiss be granted, the motion for extension will be granted only in part.

16 According to their motion, defendants currently anticipate filing two motions for summary

17 judgment, one for failure to exhaust and one on the merits.  Id. at 2, ¶ 5.  Defendants shall

18 therefore have thirty days from the date of this order to file a motion for summary judgment based

19 on failure to exhaust.  This order is without prejudice to defendants seeking additional

20 modification of the scheduling order if their motion for summary judgment on exhaustion is not

21 granted or they determine such a motion would not be supported.

22 Accordingly, IT IS HEREBY ORDERED that defendants' motion to modify the

23 scheduling order (ECF No. 28) is granted in part and defendants Betti and Hanks shall have thirty

24 days from the filing of this order to submit a motion for summary judgment based on plaintiff's

25 failure to exhaust his administrative remedies.  This order is without prejudice to defendants

26 seeking additional modification of the scheduling order if their motion for summary judgment on

27 exhaustion is not granted or they determine such a motion would not be supported.

28 IT IS FURTHER RECOMMENDED that defendant Statti's motion to dismiss (ECF No.

15) be granted and that the claims against defendant Statti be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE