UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY, | No. 2:14-cv-2018 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| W. HANKS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to re-open discovery. ECF No. 41.

After the court screened and ordered service of the complaint, defendants Betti and Hanks filed an answer (ECF No. 14) while defendant Statti filed a motion to dismiss (ECF No. 15). The court issued a discovery and scheduling order as to defendants Betti and Hanks, but stayed the deadlines as to defendant Statti pending resolution of the motion to dismiss. ECF No. 18. The discovery deadline was set for June 10, 2015, with requests pursuant to Federal Rules of Civil Procedure 31, 33, 34, and 36 to be served no later than April 13, 2015. Id. at 5. On February 25, 2015,[1] plaintiff requested an additional thirty days to conduct discovery due to the removal of

---

[1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

1  legal assistance staff at the prison where he was housed.  ECF No. 19.  The court found the
2  motion to be premature because the removal of staff had only just occurred and there was no
3  evidence that it would impact plaintiff's ability to meet the deadline which was still
4  approximately a month and a half away at the time he filed his motion.  ECF No. 20.  Because the
5  court did not rule on plaintiff's motion until March 24, 2015, the motion was partially granted and
6  the discovery deadline was extended two weeks, to June 24, 2015, with discovery requests to be
7  submitted by April 27, 2015.  Id.  No further extensions were requested and discovery closed on
8  June 24, 2015.

9       On July 6, 2015, defendants moved to modify the discovery and scheduling order to
10 extend the deadline for dispositive motions from September 2, 2015, to December 2, 2015.  ECF
11 No. 28.  Defendants requested the extension because of defendant Statti's then pending motion to
12 dismiss.  Id.  Additional time was also requested because of counsel's intent to file a motion for
13 summary judgement on exhaustion followed by a merits-based motion if the exhaustion-based
14 motion was unsuccessful.  Id.  On August 14, 2015, the undersigned granted the request for
15 extension in part and granted a limited extension of the dispositive motion deadline.  ECF No. 29
16 at 8.  The order was without prejudice to another motion seeking modification of the scheduling
17 order if the exhaustion-based summary-judgment motion was unsuccessful.  Id.

18      On August 17, 2015, defendants Betti, Hanks, and Statti filed a motion for summary
19 judgment based on plaintiff's failure to exhaust.  ECF No. 30.  Plaintiff requested additional time
20 to file an opposition to the motion (ECF No. 36) and his opposition was filed on October 19,
21 2015.  ECF No. 38.  The motion has been fully briefed since November 17, 2015.  ECF No. 40.
22 Plaintiff now seeks to re-open discovery in order to request discovery from defendants Betti and
23 Hanks regarding the grievance process and his grievances.  ECF No. 41.  He alleges that he
24 neglected to conduct discovery previously because he was overwhelmed by defendant Statti's
25 motion to dismiss and his prison work assignment.  Id. at 2.  It is not clear whether plaintiff is
26 seeking to re-open discovery to supplement his opposition or to allow discovery in the event the
27 defendants' summary-judgment motion is unsuccessful.  Id. at 5.

28      In his motion, plaintiff acknowledges that a significant amount of time has passed since

1  the close of discovery and his request to re-open discovery, yet he offers no explanation for his
2  failure to seek an additional extension of the time to conduct discovery.  Id. at 2-3.  Additionally,
3  plaintiff's request to extend the time to file an opposition and the opposition both fail to mention a
4  need to obtain discovery in order to properly oppose the motion.  ECF Nos. 36, 38, 39.  Plaintiff's
5  request to re-open discovery as it relates to the issue of exhaustion is untimely and offers no
6  explanation why he has waited so long since the close of discovery, or even since the filing of
7  defendants' summary-judgment motion, to request discovery be re-opened.  Furthermore, in light
8  of plaintiff's previously filed opposition to the summary-judgment motion, which raised no
9  concerns about needing additional information or documentation, the court finds it unnecessary to
10 re-open discovery at this time.  Plaintiff's request to re-open discovery will therefore be denied.

11       To the extent plaintiff may be seeking to re-open discovery if defendants' motion for
12 summary judgment is unsuccessful, the court finds the request to be premature and notes that it
13 would likely be unnecessary to conduct discovery on the issue of exhaustion at that time.
14 However, if defendants' motion is denied, the court will set deadlines for conducting discovery
15 on the merits of the case and for filing merits-based dispositive motions.

16 Summary

17       Plaintiff's motion to re-open discovery is denied because plaintiff waited too long to file
18 the motion and did not explain why he waited for so long.  The motion is also denied because
19 plaintiff has already filed an opposition to defendants' motion for summary judgment and he did
20 not say that he needed more information to complete the opposition.  If defendants' motion for
21 summary judgment is denied, the court will give the parties a chance to conduct discovery on
22 plaintiff's claims against defendants Betti and Hanks before summary-judgment motions about
23 plaintiff's claims are due.

24       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to re-open discovery
25 (ECF No. 41) is denied.

26 DATED:  December 22, 2015

27                              ALLISON CLAIRE
                                UNITED STATES MAGISTRATE JUDGE
28