UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY, | No. 2:14-cv-2018 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| W. HANKS, et al., | |
| Defendants. | |

On April 26, 2016,[1] plaintiff filed a motion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e).  ECF No. 50.

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  L.R.

---

[1] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

1  230(j)(3)-(4).

2       Plaintiff's motion to alter or amend the judgment does not put forth any new evidence or law and merely rehashes the arguments previously made in his responses to the motion to dismiss and motion for summary judgment. <u>Compare</u> ECF Nos. 26 and 38 <u>with</u> ECF No. 50. While his request for judicial notice attempts to establish a change in the controlling law (ECF No. 53), that attempt fails. Even if the case plaintiff directs the court to constituted a new law, it is inapplicable to the situation here. The case plaintiff cites addresses whether use of the prison's institutional mail to submit an appeal was appropriate. <u>In re Andres</u>, 198 Cal. Rptr. 3d 878, 887 (Cal. Ct. App. 2016). In this case, the court did not find that plaitniff's use of the prison's institutional mail was improper, but that he had deliberately directed his appeal to the wrong person, resulting in its untimely receipt by the appeals coordinator. ECF No. 43 at 7-10.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e) (ECF No. 50) is denied.

DATED: March 29, 2017

                                   /s/ John A. Mendez_____

                                   UNITED STATES DISTRICT COURT JUDGE